UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MEEMIC INSURANCE COMPANY,
SUBROGEE OF GEORGE TOMEY
AND SUSAN MACQUARRIE, ET AL.

    Plaintiffs,

v.                                          Case No. 19-13489
                                              Honorable Victoria A. Roberts

GREE ZHUHAI, ET AL.,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO QUASH IMPROPER SERVICE

### I.    INTRODUCTION

Before the Court is a Motion to Quash for Improper Service pursuant to Federal Rule of Civil Procedure 12(b)(5), filed by Gree Electrical Appliances Inc. of Zhuhai ("Gree Zhuhai") and Hong Kong Gree Electrical Appliance Sales Limited ("Gree Hong Kong").

The Court **DENIES** the motion.

### II.    BACKGROUND

This is a product liability and negligence case. Defendants are the manufacturers and distributors of an allegedly defective dehumidifier.

1

Plaintiffs filed suit on November 25, 2019. Gree Hong Kong is a Hong Kong Corporation whose principal place of business is Room 2612,26/F Miramar Tower, 132 Nathan Road, Tsim Sha Tsui, Kowloon, Hong Kong, Hong Kong. Gree Zhuhai is a Chinese corporation whose principal place of business is W. Jinji Road, Qianshan, Zhuhai, 519070, Guangdong, China, Zhuhai City China 51907. Gree USA Inc. is a California-based sales and marketing subsidiary of Gree China and Gree Hong Kong.

In December 2019, Plaintiffs served papers for Gree Hong Kong and Gree Zhuhai first upon Jeanne Conley, Owner of Parkway Postal, located at 4195 Chino Hills Avenue #1026 Chino Hills, CA 91709, then, upon Phillip Morado, Administrative Assistance for Cogency Global Inc.

Gree USA, Inc, Gree Hong Kong, and Gree Zhuhai filings made with the California Secretary of State show that Gree USA, Inc's entity address is 4195 Chino Hills Avenue #1026 Chino Hills, CA 91709, and that its Agent for Service of Process is Cogency Global, Inc.

### III.   ARGUMENTS

Defendants allege insufficient service of process. They are foreign corporations and argue that service was not proper under the Hague Service Convention, Michigan law, or California law (where service was made).

Defendants rely on Federal Rule of Civil Procedure 4(f). Specifically, Rule 4(f) allows for process of service on foreign corporations by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Service Convention (the "Convention"). Since China is a party to the Convention, Defendants argue that service on them must fully comply with the Convention. Compliance with the Convention requires service through a "Central Authority" designated for the country.

Plaintiffs admit that Defendants are foreign corporations but contend that they were not required to comply with the Convention. Plaintiffs cite *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707, 108 S. Ct. 2014, 2112 (1988), for the proposition that service on a foreign corporation made within the United States does not require following the processes of the Convention.

Defendants also argue that service of process was insufficient pursuant to Michigan Rules of Civil Procedure. MCR 2.105(D) provides that private corporations, foreign or domestic, may be served by either (1) serving a summons and complaint on an officer or the resident agent; or (2) serving a summons and complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons

3

and complaint by registered mail, addressed to the principal office of the corporation.

Plaintiffs argue that they need not comply with Michigan service rules because Fed. R. Civ. P. 4(e)(1) states that service is proper "following state law…in the state where the district court is located or where service is made." Here, service was made in California.

Defendants also contend that Plaintiffs failed to serve process properly under California law. To serve a corporation under California law, service must be made upon "the person designated as agent for service of process…" or the "president, chief executive officer, or other head of the corporation…" *See* California Code of Civil Procedure § 416.10. Service may be effectuated upon one of the individuals listed in § 416.10 by leaving a copy of the summons and complaint during usual business hours and then mailing a copy of the summons and complaint by U.S. First Class mail to the place where the summons was left. *Id.*

Since Plaintiffs served Gree USA, Inc. ("Gree USA") in California, they argue that only California service rules apply. Plaintiffs argue that service upon Gree USA satisfied service upon Defendants because of Gree USA's status as their domestic subsidiary. Plaintiffs rely on a number of district court cases where Gree, USA has been found to share a close enough connection

4

to Gree Zhuhai and Gree Hong Kong such that Gree USA is a "general manager" for purposes of Cal. Civ. Proc. § 416.10(b). Citing to *Yamaha Motor Co., Ltd. v. Superior Court*, 174 Cal. App. 4th 264, 94 Cal. Rptr. 3d 494, 498-502 (Cal. Ct. App. 2009), Plaintiffs say that the term "general manager" as used in § 416.10(b) has been broadly interpreted to allow service on a foreign corporation through its domestic subsidiary.

## IV. ANALYSIS

### A. Standard of Review

Under the Federal Rules of Civil Procedure, a case may be dismissed for insufficient service of process. Fed. R. Civ. P. 12(b)(5). There are two methods for serving "a domestic or foreign corporation…in a judicial district of the United States." Fed. R. Civ. P. 4(h)(1). They are:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

*Id.* Under the first method, service is proper "following state law…in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Here, since service was made in California, proper service under California law suffices. California law permits service on a corporation by "delivering a copy of the summons and the complaint" to any of various officers of the corporation, including a "general manager." Cal. Civ. Proc. § 415.10.

The term "general manager" has been broadly interpreted to allow service on a foreign corporation through its domestic subsidiary. *See Yamaha Motor Co., Ltd. v. Superior Court*, 174 Cal. App. 4th 264 (2009) (citing *Cosper v. Smith & Wesson Arms Co.*, 53 Cal. 2d 77 346 P.2d 409 (Cal. 1959). The broad interpretation of the term "general manager" is supported: (1) when the parent corporation is foreign and otherwise cannot be easily served in California, and (2) when the parent corporation and its subsidiary share a "sufficiently close connection." *U.S. ex. rel. Miller v. Public Warehousing Co. KSC*, 636 Fed. Appx. 947, 949 (9th Cir. 2016). A sufficiently close connection, "depends upon the frequency and quality of contact between the parent and subsidiary, the benefits in California that the parent derives from the subsidiary, and the overall likelihood that service upon the subsidiary will provide actual notice to the parent." *Id.*

**B. Hague Service Convention**

The Hague Service Convention sets forth specific practices for effectuating service of process on foreign defendants. *See Schlunck*, 486 U.S. at 699. The cases *Nationwide Mutual Insurance Company v. Gree USA, Inc.*, 2019 U.S. Dist. LEXIS 34056, 2019 WL 1244093 (W.D.Pa.) and *Nationwide Property and Casualty Insurance Company v. Gree USA, Inc.*, 2018 U.S. Dist. LEXIS 206155, 2018 WL 6419955 (S.D. OH.), are informative. Both cases involved essentially the same facts and claims as this case brought against the same defendants. In both cases, the courts denied the improper service motions, finding that "if Gree USA is an agent for purposes of service of process under the law of the state where service occurred, in this case California, compliance with the Hague Convention is not required." *Nationwide Mutual Insurance Company*, 2019 WL 1244093 at *3. In another case, *Erie Ins. Exch. v. Gree USA, Inc.*, 2019 U.S. Dist. LEXIS 53133, 2019 WL 1405854 (E.D. Mich.) the court found that service on Gree USA at the California address is effective service on Gree China and Gree Hong Kong.

The Court finds the holdings of these cases persuasive and concurs with their rationale and findings. Accordingly, Plaintiffs were not required to serve the Defendants in conformance with the Hague Service Convention.

### C. California Service Rules

7

The court in *Nationwide Mutual Insurance Company*, 2019 WL 124093 at *3, addressed service on Gree USA under California law and stated in relevant part that "service on a foreign corporation is valid if a copy of any process is delivered by hand 'to any officer of the corporation or its general manager in this state.'" Cal. Corp. Code §2110; and see, *SKC Kolon PI, Inc. v. Kaneka Corp.*, 2010 U.S. Dist. LEXIS 153096, 2010 WL 11553177, at *2 (C.D.Cal. Nov. 18, 2010). California law broadly defines "general manager" to include "any agent of the corporation of sufficient character and rank to make it reasonably certain that the defendant will be apprised of the service made." *Falco v. Nissan North America, Inc.*, 987 F. Supp. 2d 1071, 1074 (C.D. Cal. 2013). Thus, "service upon a 'domestic subsidiary of a foreign corporation' is sufficient to qualify as service upon a general manager where the domestic subsidiary is performing the functions that the foreign corporation would otherwise be required to undertake on its own." *Id.*

In the previously mentioned *Gree* cases, the courts found that service on Gree USA -effectuated in the same manner that Meemic used in this case - was effective service on Gree China and Gree Hong Kong under California law. *See Nationwide Mutual Insurance Company*, 2019 WL 1244093 at *4.

> "[T]his Court has no difficulty finding that Gree USA serves as the sales arm of Gree Hong Kong and Gree China, and that the relationship between each entity is sufficiently

8

> close that each foreign entity most certainly would have been apprised of service of process. Under such circumstances, California law permits service of process to be effectuated upon Gree USA as the general manager of Gree Hong Kong and Gree China."

See also *Nationwide Property and Casualty Insurance Company v. Gree USA, Inc.*, 2018 U.S. Dist. LEXIS 206155, 2018 WL 6419955, *2 (S.D. OH) (the court held that service on Gree USA was sufficient under California law for Gree China and Gree Hong Kong). And, "…service upon an individual with apparent authority at the designated subsidiary's place of business [i.e., the Gree USA business address] satisfies the alternative method of service [with respect to Gree China and Hong Kong] contemplated by Cal. Civ. Proc. §415.20…" *Nationwide Mutual Insurance Company*, 2019 WL 1244093 at *3.

## V. CONCLUSION

Plaintiffs' hand delivery to Gree USA was proper service on the Defendants under California law. Further, Plaintiffs complied with the alternate method of service permitted by Cal. Civ. Proc. § 415.20 by mailing the summons and complaint to the person in charge at Gree USA's business address.

The Court need not address Defendants' contention that service was not sufficient under Michigan law. *See Nationwide Mutual Insurance Company*, 2019 WL 1244093 at *2.

The motion to quash Meemic's complaint for improper service of process is **DENIED**.

**It IS ORDERED.**


Dated: 5/29/2020              s/ Victoria A. Roberts
                                                     Victoria A. Roberts
                                                     District Court Judge